ERICA DOUGLAS, a Minor, by Linda Kelly, her Mother and Next Friend, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellant.

First District (5th Division)   No. 83—1654

Opinion filed August 24, 1984.

Kralovec, Marquard, Doyle & Gibbons, of Chicago (Nancy Jo Arnold, of counsel), for appellant.

David S. Pochis, Ltd. & Alan D. Katz, Ltd., of Chicago (Alan D. Katz, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Minor plaintiff, Erica Douglas, by her mother, brought suit to recover damages for personal injuries which she sustained on March 22, 1979, when struck by a window pane in a mobile school unit owned and operated by defendant, the board of education of the city of Chicago. By plaintiff's election, the case proceeded to trial on a theory of *res ipsa loquitur*. After hearing evidence, the trial court entered a directed verdict for plaintiff as to liability. The case was then submitted to the jury on the issue of damages only, and an award in the amount of $30,000 was returned. On appeal, defendant argues that the trial court (a) failed to make the necessary findings for a case under *res ipsa loquitur*, (b) erred in directing a verdict for plaintiff as to liability, (c) erred in barring evidence concerning one of the requisite elements for such a case, and (d) erred in excluding the testimony of two witnesses tendered by defendant. We affirm.

Plaintiff called James Dwyer, principal of the school, as an adverse witness at trial. Dwyer testified that at the time of plaintiff's injury, the school was comprised of a central building and 12 mobile units or "temporaries," which were from 10 to 20 years old. The units were built from a partition-type material which Dwyer described as "a thin sheet of steel, part of a cheap lath board," and each contained three rectangular glass windows 24 to 36 inches, encased in metal. Dwyer identified the incident report bearing his signature.

According to the report, plaintiff was sitting in her seat just below the window in the mobile unit when a 27- by 34-inch metal encased frame of glass fell from a height of approximately 56 to 58 inches on top of her. Plaintiff received a long, deep cut on her forehead and a number of minor cuts on her face from the broken glass. The report states that the occurrence was witnessed by plaintiff's teacher, Beth Smith, with whom Dwyer conferred when he arrived within five minutes of the occurrence. Dwyer noticed broken glass and blood on the floor. The metal casing was still attached to some of the broken glass.

Plaintiff testified, confirming Dwyer's testimony that she was sitting at her desk when the whole pane of glass became detached from the mobile unit and fell, striking her in the head.

After plaintiff rested, Dwyer testified for the defendant. He stated that at the time of the occurrence, only part of the playground surrounding the mobile units had been fenced in. He also testified, over plaintiff's objections, that he had received repeated reports of vandalism to the mobile units taking place after school hours, reports of break-ins and of bottles and other debris found in the area. During a conference outside the presence of the jury, the trial court ruled that he would allow evidence of vandalism only to the extent that it was directly related to the mobile unit in which plaintiff was injured, and only insofar as it was restricted to a short period of time prior to plaintiff's injury. Dwyer then continued his testimony, stating that he could not recall reports of vandalism relating specifically to the subject mobile unit. He did state, over plaintiff's objections, that several of the mobile unit windows had been covered with mesh to prevent break-ins. At the close of testimony, the court ruled that all of Dwyer's testimony which had been objected to be stricken. After hearing arguments of counsel, the court then granted plaintiff's motion for a directed verdict as to liability.

Defendant first argues that the trial court erred in holding that the doctrine of *res ipsa loquitur* applied to plaintiff's case and in directing a verdict in plaintiff's favor on liability without specifically finding that the requisite elements for a case under the doctrine were present, and also erred in barring defendant's evidence relating to one such element.

■■ The doctrine of *res ipsa loquitur* allows proof of negligence by circumstantial evidence in cases where the direct evidence concerning the cause of injury is primarily within the knowledge and control of the defendant. Whether the doctrine applies in a given case is a question of law to be decided by the court. (*Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 449, 207 N.E.2d 305.) The party seeking to avail himself of the doctrine must demonstrate that he was injured (1) in an occurrence that would not have occurred in the absence of negligence, (2) by an instrumentality or agency under the management or control of defendant, and (3) under circumstances indicating the injury was not due to any voluntary act or neglect on the part of the one claiming the doctrine. (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 272, 443 N.E.2d 569.) Like any other proof, however, proof under the doctrine may be explained or rebutted by the party opposing it, and whether the circumstantial evidence of negligence under *res ipsa loquitur* has been overcome by defendant's proof is a question of fact to be determined after weighing the evidence. *Metz v. Central Illinois Electric & Gas Co.* (1965),

32 Ill. 2d 446, 449-50.

■ We believe that each of the necessary elements was present in the case now before us. As stated by the court in *Metz*:

> "When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care." *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 448-49.

■ In determining the requisite degree of control in a case under *res ipsa loquitur*, relevant authorities have also rejected the application of a rigid standard and recognized that "exclusive control" is not necessary to the inference. Rather, the control that must be established is "that necessary to support an inference that the defendant was negligent," the key question being "whether the probable cause is one which defendant was under a duty to the plaintiff to anticipate or guard against." (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 274, citing Restatement (Second) of Torts, Explanatory Notes sec. 328 D, comment G (1965).) In the instant case, it is undisputed that an entire window pane encased in its metal frame fell from the wall, striking plaintiff, a school child who was sitting at her desk. Under these circumstances, we find that the trial court did not err in applying doctrine of *res ipsa loquitur*. Nor do we find merit in defendant's claim that the trial court erred in restricting its proffered evidence of vandalism on the subject premises. In response to repeated objections by plaintiff's counsel, the court restricted defendant's evidence to such incidents of vandalism occurring specifically to the mobile unit in which plaintiff was injured and within a reasonable proximity to the occurrence. Defendant argues that its evidence should not have been so restricted, because it was relevant not only to the issue of causation but also to rebut the presumption of its exclusive control over the injury-causing instrumentality.

■ As previously noted, the exclusivity of defendant's control over the subject premises is not an absolute prerequisite, but merely one way of proving his responsibility. (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 274.) Further, our review of the record shows that the testimony which defendant sought to introduce was overly broad and of a speculative nature, and was therefore properly excluded. Despite numerous opportunities afforded by the trial court, defendant failed to set forth evidence of any act of vandalism

related to the particular mobile unit or the window pane involved in the occurrence, and failed to proffer any evidence, either physical or circumstantial, which would rebut the presumption of its exclusive control over the subject unit. We therefore find that the trial court's granting of a directed verdict as to liability was proper. See *Wimberley v. Material Service Corp.* (1973), 12 Ill. App. 3d 1051, 299 N.E.2d 425, *appeal denied* (1973), 54 Ill. 2d 596.

Finally, defendant argues that the trial court improperly excluded the testimony of two of the school's engineers as a sanction for a perceived failure to answer discovery requests. As defendant admits, the record is unclear as to the facts preceding the trial court's ruling which defendant now contests. We need not reach the appropriateness of the sanction, however, because we find that defendant was afforded several opportunities to bring in the subject witnesses for the purpose of making an offer of proof but chose not to do so. Defendant claims that such a formal offer was not necessary because the trial court was aware that these witnesses would have testified as to inspections that they had made of the subject premises. The record does not contain, however, any representations as to the nature of the purported inspections, their frequency or timeliness, or what said inspections did or did not disclose with respect to the falling out of the subject window. Nor does the record contain any written statements, notes of interviews, court reporter statements or any other materials on which an offer of proof could be based. The trial court thus offered defendant's counsel the right to make an offer of proof with its witnesses in court, subject to cross-examination, specifically reserving the right to change its own ruling with regard to the testimony. Defendant did not represent that its witnesses were unavailable to come to court, but simply chose not to bring them in for the purpose of an offer of proof. Under these circumstances, defendant should not be heard to complain on appeal. See *Volvo of America Corp. v. Gibson* (1980), 83 Ill. App. 3d 487, 404 N.E.2d 406.

Based on the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.