**Norman HIGGINS, Plaintiff-Appellant,**

**v.**

**The WHITE SOX BASEBALL CLUB, INC., Artnell Company and Illinois Sports Service, Inc., Defendants-Appellees.**

No. 84–2307.

United States Court of Appeals, Seventh Circuit.

Argued May 21, 1985.

Decided April 2, 1986.

Rehearing Denied June 5, 1986.

Robert E. Senechalle, Jr., Senechalle & Murray, Arlington Heights, Ill., for plaintiff-appellant.

Byron D. Knight, Judge & Knight, Ltd., Park Ridge, Ill., for defendants-appellees.

Before BAUER and ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

ESCHBACH, Circuit Judge.

The plaintiff alleged in this diversity action that he suffered personal injury as a result of the defendants' negligence. The primary question presented in this appeal is whether the district court erred in denying the plaintiff's motion for a new trial. The court entered a judgment on the verdict for the defendants. For the reasons stated

below, we will reverse and remand for a new trial.

## I

This is a diversity action for which the controlling substantive law is that of the State of Illinois. The plaintiff, Norman Higgins, a citizen of Florida, traveled to Chicago in July of 1980 to attend the wedding of a friend. While in Chicago, Higgins and a group of his friends went to a night baseball game at Comiskey Park. Near the end of the game, Higgins went to the men's room located on the right-field side of the upper deck of the stadium.

To return to his seat, Higgins walked down a corridor that ran past a concession stand. A "door" or "window" made of wood and measuring approximately 4' by 6' by 3/4" was attached to the top edge of the stand and was opened when the stand was in use. When opened, the lower edge of the door was swung towards the ceiling and the small end of a hook attached to the ceiling was inserted into the metal eyelet attached to the door.

As Higgins passed the stand, the door fell from its open position and struck his head. There was testimony that, just before the door fell, the crowd in the stadium was screaming and stamping, and that one "could feel the place tremble." None of the eyewitnesses to the incident saw anyone touch either the door or the hook securing it, or do anything that might have caused the fall. After he was hit, Higgins was helped back to his seat by his friends. He then went to the first-aid station at the stadium and reported the accident. A report was filled out at the station. The plaintiff then went to a local hospital for treatment.

Higgins initiated this suit in federal district court and alleged that he suffered permanent head and neck injuries as a result of the concession-stand door striking his head. He proceeded on two theories: negligence and *res ipsa loquitur*.

It was admitted at trial that defendant Illinois Sports Service had operated the concession stand on the night in question and that defendants White Sox Baseball Club, Inc., and Artnell Company owned and operated the baseball stadium. It was also admitted that these three defendants alone had exclusive control and custody of the concession stand and its components. The defendants introduced testimony that a carpenter inspects the stadium before the baseball season begins and makes the necessary repairs. The park is also inspected after every game for damage caused by spectators. The defendants also maintained that the concession stands apparently are inspected two or three times during the season. Otherwise, repairs are made only after an item is reported broken.

The jury returned a verdict for the defendants. The plaintiff's motion for a new trial or, alternatively, for judgment notwithstanding the verdict was denied. This appeal followed.

## II

We note initially that the district court held that the plaintiff was foreclosed from moving for judgment notwithstanding the verdict under Fed.R.Civ.P. 50, because he failed to move for a directed verdict at trial. *See generally Benson v. Allphin*, 786 F.2d 268, 272–274 (7th Cir.1986). The plaintiff has not challenged this ruling on appeal. If he prevails, therefore, he is entitled to a new trial only.

The plaintiff's primary contention on appeal is that the district court erred in instructing the jury. As noted above, Higgins proceeded on the theories of negligence and *res ipsa loquitur*. He specifically takes issue with the defendants' Instruction No. 14 (given as the court's Instruction No. 15), which stated that:

A possessor of land who holds it open to the public for entry for business purposes is subject to liability to members of that public while they are upon such land which occurs [1] as a direct and proximate

---

1. The ambiguity in this sentence was present in the original instruction proposed by the defend-

result of a defect being present on the premises, if and only if the possessor or its servants or agents knew of the presence of aforesaid condition prior to the occurrence, or where there was a sufficient length of time that in the exercise of reasonable care its presence should have been discovered.

## A. *Negligence Claim*

The plaintiff contends that defendants' Instruction No. 14 does not accurately reflect the applicable Illinois law to the extent ·that it requires the plaintiff to prove that the defendants had actual or constructive knowledge of the condition of the concession-stand door. We agree.

 The Illinois judiciary has, as a general matter, followed the wording of the Restatement (Second) of Torts § 343 (Dangerous Conditions Known to or Discoverable by Possessor) in defining the duty a possessor of land owes its invitees. *See, e.g., Genaust v. Illinois Power Co.,* 62 Ill.2d 456, 343 N.E.2d 465 (1976).[2] However, where the instrumentality causing the injury is an integral part of the defendant's business enterprise and where it may be reasonably inferred that the condition of

the instrumentality was due to the negligence of the defendant, rather than the actions of third parties, then it is not necessary for the plaintiff to establish that the defendant had actual or constructive knowledge of the condition of the instrumentality. *See, e.g., Donoho v. O'Connell's, Inc.,* 13 Ill.2d 113, 148 N.E.2d 434 (1958); *Piper v. Moran's Enterprises,* 121 Ill.App.3d 644, 77 Ill.Dec. 133, 459 N.E.2d 1382 (1984). Of course, the plaintiff must still show that the instrumentality was defective.[3]

 There is little question that the door struck the plaintiff. The defendants conceded that they had exclusive control over the door at the time of the incident. There was no evidence whatsoever of contributory negligence on the part of the plaintiff or of intervention by third parties. The jury was in fact instructed that contributory negligence was not an issue in this case. The plaintiff's proof of a defect was primarily circumstantial, but supported a strong inference that, for example, either the hook holding up the concession-stand door was not properly shaped to maintain a hold on the eyelet or, on the night of the

ants and given by the trial judge.

**2.** Section 343 states:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

 (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

 (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

 (c) fails to exercise reasonable care to protect them against the danger.

We note that, even if § 343 were the appropriate rule in this case, defendants' Instruction No. 14 did not parallel that section of the Restatement.

The defendants have not contended in this case that the condition of the door was a known or obvious danger that would call for the application of Restatement (Second) of Torts § 343A (Known or Obvious Dangers).

**3.** The defendants contend that the rule of *Donoho v. O'Connell's, Inc.,* 13 Ill.2d 113, 148 N.E.2d 434 (1958), only applies to "slip and fall" cases. We disagree. It is true that the plaintiff in

*Donoho* alleged that she was injured when she slipped on an onion ring on the floor of the defendant's restaurant. However, the court said nothing in *Donoho* that would limit its rationale to "slip and fall" cases. In *Piper v. Moran's Enterprises,* 121 Ill.App.3d 644, 77 Ill.Dec. 133, 459 N.E.2d 1382 (1984), the *Donoho* rule was applied where the plaintiff was injured when her foot went into a hole in a wooden pallet used to display cases of soda at the defendant's store. The court in *Piper* also relied on non-"slip and fall" cases in reaching its result. There is nothing in *Piper* to indicate that the rule would have been any different had the pallet fallen on the plaintiff's head, and we perceive no meaningful distinction between the two situations. We conclude that the *Donoho-Piper* line of cases sets forth a general rule that applies when the plaintiff presents evidence that the condition of the instrumentality causing the injury was due to the actions of the defendant, rather than that of third parties, and that the rule is not limited to those cases in which the plaintiff alleges that he slipped on a "foreign substance" on the floor of the defendant's business establishment.

injury, the hook had not been properly inserted into the eyelet, and thus was able to work loose. The defendants' rebuttal evidence, however, was so weak as to be almost nonexistent.

■ Thus, this is a close case on the facts for recovery on a negligence theory. The plaintiff was entitled to a properly instructed jury. Defendants' Instruction No. 14, however, was not an accurate statement of the law. After considering the record and the jury instructions as a whole[4] in the light most favorable to the verdict, we cannot say that the error was harmless. We, therefore, conclude that the district court erred in refusing to grant a new trial on the negligence claim.

### B. *Res Ipsa Loquitur Claim*

■ This was an appropriate case for the application of the *res ipsa loquitur* presumption, because the door was in the exclusive control and custody of the defendants. As noted in *Douglas v. Board of Education*, 127 Ill.App.3d 79, 82, 82 Ill. Dec. 211, 214, 468 N.E.2d 473, 476 (1984), the doctrine of *res ipsa loquitur* allows proof of negligence by circumstantial evidence in cases where the direct evidence concerning the cause of the injury is primarily within the knowledge and control of the defendants. *See also Lynch v. Precision Machine Shop, Ltd.*, 93 Ill.2d 266, 272, 66 Ill.Dec. 643, 646, 443 N.E.2d 569, 572 (1982) (elements of *res ipsa loquitur*).

■ The district court, however, never informed the jury that defendants' Instruction No. 14 (which required proof of notice) did not apply to the *res ipsa loquitur* claim. In addition, the jury instructions, taken as a whole, were quite confusing and did not adequately explain the two theories of recovery or the distinctions between them. *See* Appendix. For these reasons and those given in our discussion above of the negligence claim, we cannot say that these errors were harmless. Thus, we conclude that the district court erred in re-

fusing to grant a new trial on the *res ipsa loquitor* claim.

### III

For the reasons stated above, the judgment in favor of the defendants is REVERSED and the case is REMANDED for a new trial.

### APPENDIX

#### Jury Instructions (Excerpt)

I further instruct you that a possessor of land who holds it open to the public for entry for business purposes is subject to liability to members of that public while they are upon such land which occurs as a direct and proximate result of a defect being present on the premises if and only if the possessor or its servants or agents knew of the presence of aforesaid condition prior to the occurrence or where there was a sufficient length of time that in the exercise of reasonable care its presence should have been discovered.

Now, the plaintiff in this case claims that he was injured and sustained damage while exercising ordinary care and that the defendants were negligent in one or more of the following respects:

A, maintained a concession stand door in such a state of disrepair as to allow it to fall and strike the plaintiff on the head;

B, maintained the hooks or supports which held a concession stand door open so as to allow the concession stand door to fall and strike the plaintiff on the head;

C, failed to warn persons who were patrons of the stadium, including this plaintiff, that a concession stand door was in a dangerous condition on the date of the occurrence;

D, failed to supervise the operation of the concession stand so as to allow it to be operated in such a way as to cause injury to the plaintiff;

---

**4.** The instructions given to the jury on the substantive claims are reproduced in the Appendix

to this opinion.

And E, failed to properly secure the door on the concession stand when it was opened on the date of the occurrence so as to allow the door to fall striking the plaintiff on the head.

The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendants deny that they were negligent in doing any of the things claimed by the plaintiff, and they deny that any claimed act or omission on the part of the defendants was a proximate cause of the claimed injury, and deny that the plaintiff was in the exercise of ordinary care.

The defendants further deny that the plaintiff was injured or sustained damages to the extent claimed.

The plaintiff has the burden of proving each of the following propositions:

First, that the defendants acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions, and in so acting or failing to act the defendants were negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendants was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff, but if on the other hand you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendants.

The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff just before and at the time of the occurrence was using ordinary care for his own safety;

Second, that he was injured;

Third, that the injury was received from a concession stand window or door which was under the defendants' control or management;

And Fourth, that in the normal course of events the injury would not have occurred if the defendants had used ordinary care while the concession stand window or door was under their control or management.

If you find that each of these propositions has been proved, the law permits you to infer from them that the defendants were negligent with respect to the concession stand window or door while it was under their control or management.

If you do draw such an inference, your verdict must be for the plaintiff if any injury or damage proximately resulted. But if on the other hand you find that any of these propositions has not been proved, or if you find that the defendants used ordinary care for the safety of others in their management of the concession stand door or window, then your verdict should be for the defendants.

Under our law the plaintiff may attempt to prove in either of two ways that a defendant was negligent. He may prove either what a defendant actually did or did not do or on the other hand he may attempt to prove the following propositions:

First, that the plaintiff was injured;

Second, that the injury was received from a concession stand door which was under the defendants' control;

Third, that in the normal course of events the injury would not have occurred if the defendants had used ordinary care while the concession stand door was under their control.

If you find that each of these propositions has been proved, the law permits you to infer from them that the defendants were negligent with respect to the concession stand door while it was under their control. If you do draw such an inference, your verdict must be for the plaintiff if any injury or damage proximately resulted.

But if on the other hand you find that any of these propositions has not been proved, or if you find that the defendants used ordinary care for the safety of others in their management of the concession stand door, then your verdict should be for the defendants.

BAUER, Circuit Judge, dissenting.

I respectfully dissent. The instructions, considered as a whole, thoroughly inform the jury as to what the doctrine of *res ipsa loquitur* is, and what they must find to apply it and also adequately informs the jury of the common law of negligence, I find no trial error worthy of consideration.

The trial judge in this case—a veteran of ten years on the district court and twelve years as a trial and appellate court judge of the state of Illinois—properly considered the arguments for a new trial and the assigned errors and concluded that the jury finding of fact was based on the evidence and proper instructions. I agree with that assessment and I would affirm the judgment.