**Patrick F. FRAIN, Plaintiff,**

**v.**

**ANDY FRAIN, INC., et al., Defendants.**

**No. 82 C 1969.**

United States District Court,
N.D. Illinois, E.D.

Feb. 12, 1987.

On Reconsideration April 24, 1987.

Harvey J. Barnett, Harvey J. Barnett & Assocs., Ltd., Chicago, Ill., for plaintiff.

Anthony G. Scariano and John M. Izzo, Scariano, Jula, Ellich & Himes, Chtd., and Peter Andjelkovich, Peter Andjelkovich & Assocs., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, Senior District Judge.

This family dispute centers around defendants' alleged failure to disclose certain information connected with the defendant companies' purchase of plaintiff's stock in them. The case was tried to a jury under three theories of liability: (1) violation of federal securities laws; (2) common law fraud; and (3) breach of fiduciary duty. On October 17, 1986, after a two-week trial, the jury returned verdicts for defendants on the federal securities law and common law fraud claims, but against defendants and in favor of plaintiff on the breach of fiduciary duty claim. The jury awarded plaintiff $375,000.00 in damages. Now before the court for ruling are the parties' post-trial motions. With regard to the breach of fiduciary duty claim, defendants move for judgment notwithstanding the verdict, or in the alternative, for a new trial; or, in the event these motions are denied, for remittitur. Plaintiff moves to amend judgment to include an award of prejudgment interest.

### I

This court has broad discretion when ruling on a motion for a new trial. *E.g. Sellers v. Baisier,* 792 F.2d 690, 693 (7th Cir.1986); *see also Allied Chemical Corp. v. Daiflon Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (authority to grant new trial confined almost entirely to discretion of the trial court). When exercising that discretion, the court must keep in mind that if the verdict re-

flects inconsistencies indicating that the jury was confused, granting a new trial is proper. *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1423 (10th Cir.1986); *Global Van Lines Inc. v. Nebeker*, 541 F.2d 865, 868 (10th Cir.1976); *Wood v. Holiday Inns Inc.*, 508 F.2d 167, 175 (5th Cir.1975); *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970). On the other hand, apparently inconsistent verdicts should be reconciled if at all possible. *Bauer v. Norris*, 713 F.2d 408, 413 n. 8 (8th Cir.1983); *Sterling v. Commercial Union Ins. Inc.*, 674 F.2d 697, 700 (8th Cir.1982). It is with these well established rules in mind that the court reviews the jury's verdicts and defendants' motion.

## II

Defendants argue that because plaintiff was required to plead and prove the same elements as to each of the three theories of liability, the jury's verdict in favor of defendants on two theories and against them on the third, is legally inconsistent thus requiring that the third verdict be set aside. The three theories of liability under which the case was tried were: violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10(b)–5 promulgated thereunder (the "securities law claim"), common law fraud and breach of fiduciary duty.

■ To recover under the securities law claim plaintiff was required to prove: (1) defendants' omission of a material fact; (2) with an intent to deceive; and (3) plaintiff's reliance on the omission. *Lloyd v. Industrial Bio-Test Inc.*, 454 F.Supp. 807, 810 (S.D.N.Y.1978); *see also Michaels v.*

*Michaels*, 767 F.2d 1185 (7th Cir.1985); *Levine v. Merrill Lynch Pierce, Fenner & Smith*, 639 F.Supp. 1391, 1394–95 (S.D.N.Y.1986); Tr. 1345–47.[1] The Reliance element may be presumed on a showing that the omission was material. The presumption, however, can be rebutted by proof of non-reliance; in that case defendants avoid liability. *Michaels*, 767 F.2d at 1200.

■ With regard to the common law fraud claim, the parties agree that recovery required proof of: (1) defendants' concealment of a material fact; (2) an intent to deceive; and (3) plaintiff having been unaware of the concealed fact and that he would have acted differently had he known of it. Agreed Instruction No. 19; *see also Michaels*, 767 F.2d at 1205–06 n. 8.[2] Recovery under the breach of fiduciary duty claim required proof of: (1) defendants' failure to make full and frank disclosures of all relevant information; (2) defendants' failure to exercise their judgment in the interest of the Frain Companies and with the utmost fidelity to plaintiff's interests and in good faith; and (3) any damage suffered being the proximate result of the breach of the duty owed. *Johnson v. Central Standard Life Ins. Co.*, 102 Ill.App.2d 15, 243 N.E.2d 376 (1st Dist.1968); Tr. 1348–49.[3]

The elements of proof for the securities law claim and the common law fraud claim were therefore virtually identical; as to both plaintiff needed to prove (1) defendants' omission of material fact, (2) with the intent to deceive, (3) and plaintiff's reliance on the omission.[4] Further, an analysis of

---

1. Plaintiff was also required to prove that defendants used an instrumentality of interstate commerce in connection with the transaction and that any damage was caused by defendants' failure to disclose. It is safe to assume for the purpose of this ruling that plaintiff sufficiently proved the use of interstate commerce. Further, in a material omission case, the concept of "causation" is indistinguishable from "reliance" thus, the court will refer to only one of them, that being reliance. *See Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88, 92 n. 6 (2d Cir.1981).

2. As with the securities law claim, the other elements of plaintiff's case, duty and resulting damages, are irrelevant for the purpose of this ruling. Defendants admit a duty and proof of

resulting damages is related to proof of reliance. *Supra* note 1; Tr. 1354.

3. The additional element of plaintiff's claim, a duty owed, is admitted by defendants.

4. The burden of proof with regard to the reliance issue is somewhat different. The securities law claim presumes reliance on a showing of a material omission. The presumption, however, is rebutted by proof of non-reliance. *Michaels*, 767 F.2d at 1200. Whereas, plaintiff had the initial burden of proof with regard to the common law fraud claim. Agreed Instruction No. 19. The practical significance of the different burdens in this case was minimal. This is evidenced by the jury resolving the issue in defendants' favor on both claims.

the breach of fiduciary duty claim reveals that the required proof for that claim was essentially the same as that for the other two claims.

First, the requirement that defendants make full and frank disclosures of relevant information is essentially a duty not to make "material omissions of fact." Similarly, requiring defendants to exercise their judgment in good faith and in plaintiff's interest, is the analogue to a duty not to possess an "intent to deceive."[5] Finally, the causation element of the fiduciary duty claim equates to a showing of reliance. In this regard, if plaintiff did not rely on defendants when reaching his decision to sell, or if he would have made the same decision despite having knowledge of the alleged omitted fact, any failure to disclose cannot have caused him damage and recovery would be improper. *See Babray v. Carlino*, 2 Ill.App.3d 241, 252–53, 276 N.E.2d 435, 443–44 (1st Dist.1971); *Henry's Drive-In v. Anderson*, 37 Ill. App.2d 113, 124, 185 N.E.2d 103, 108 (1st Dist.1962).

From this, it is apparent that the jury's verdicts were legally inconsistent; while all three claims required the same proof, the jury reached different conclusions on them. From an examination of the record, the court concludes that the inconsistent verdicts were the result of the jury's confusion as to the applicable law. The basis of the confusion centered around the instructions given on the reliance/causation element of the three claims.[6] The jury was instructed in such a way that their verdicts, while legally inconsistent, were internally consistent with the instructions.

As to the securities law claim, the jury must have found that even though plaintiff had the benefit of a presumption, defendants rebutted the presumption by proof of non-reliance; it accordingly rendered verdict in favor of defendants. Tr. 1347, 1351. With regard to the common law fraud claim, it must have concluded that plaintiff, not having the benefit of a presumption, failed to make a showing of reliance; again, it accordingly rendered verdict in favor of defendants. Tr. 1354.

Finally, on the fiduciary duty claim, the jury was instructed that plaintiff was required to prove causation in order to recover damages. Tr. 1349. It was also instructed that causation could be presumed by a showing of a material omission. It was not, however, instructed that the presumption could be rebutted. Tr. 1352–53. Accordingly, when it found that defendants made a material omission of fact with an intent to deceive, it presumed causation and returned a verdict in favor of plaintiff.

The instructions given the jury were inconsistent. As already noted, all three claims required the same elements of proof but the jury was instructed in such a way so that it could return a verdict in favor of plaintiff on one claim but against him on the other two. The jury was aware of this apparent problem and requested guidance concerning the interpretation of the instructions relating to the reliance issue. During its deliberations, it sent a written inquiry to the court asking "is the issue of reliance required to find that a breach of trust occurred.... In the Transcript of your instructions to us, the pages we have numbered 24 thru 28 [containing definitions to certain terms] seem to relate to the [securities law] claim only, is this indeed true?"

A written response, approved by the parties, was sent to the jury room instructing them to re-read the breach of fiduciary duty instructions and telling them that "the terms defined on your numbered pages 24–25–26–27–28 apply to those claims where those terms are used." This response was inadequate. The fiduciary duty instructions did not contain the term reliance, that claim was instead couched in terms of prox-

---

**5.** Additionally, plaintiff alleged an "intentional" breach of fiduciary duty. First Amended Complaint, ¶¶ 25, 26.

**6.** The jury was given essentially the same instructions on the "material omission" and "intent to deceive" elements. Because the jury found in favor of plaintiff on one claim, the court presumes for the purpose of this ruling that the jury concluded that defendants did in fact fail to disclose material facts with an intent to deceive.

imate cause. Accordingly, the jury referred to the definition of causation and was instructed that they could "infer the necessary element causation" if plaintiff made a showing that defendants made material omissions of fact. This, however, was an inaccurate instruction, in that, as already noted, plaintiff was required to show causation with regard to the fiduciary duty claim. *Babray*, 2 Ill.App.3d at 252–53, 276 N.E.2d at 443–44.[7]

From all of this, it is apparent that the jury was, with regard to the fiduciary duty claim, either confused, inaccurately instructed as to the law, or both. For that reason, defendants are entitled to a new trial as to that claim. *See Diamond Shamrock*, 791 F.2d at 1423; *Higgins v. White Sox Baseball Club Inc.*, 787 F.2d 1125, 1129 (7th Cir.1986).

In an attempt to avoid this result, plaintiff offers several theories, some of which have already been indirectly addressed, which attempt to reconcile the verdicts. In the one argument deserving additional discussion, plaintiff takes the position that because the securities law claim and the common law fraud claim placed the burden of proof on plaintiff while it was the defendants who had the burden of proving that they made full and frank disclosures in order to avoid liability under the fiduciary duty claim, the jury could have concluded that neither party sustained its burden of proof and accordingly returned verdicts on each claim against the party with the burden, thereby making the verdicts consistent. *Citing Fey v. Walston*, 493 F.2d 1036 (7th Cir.1974); *Babray*, 2 Ill.App.3d at 250, 276 N.E.2d at 442–43.

As a matter of law, plaintiff's position may be correct, however, the jury, while it arguably should have been, was not instructed on these differing burdens of proof and to resolve an inconsistent verdict by reconciling it on a theory that was never

present to the jury would be improper. "In a civil case each party must live with the legal theory reflected in the instructions to which it does not object." *Davis v. Consolidated Rail Corp.*, 788 F.2d 1260, 1268. (7th Cir.1986). Plaintiff cannot now rewrite the instructions which he himself proposed in an attempt to reconcile the jury's verdict; a new trial is required.

### III

Defendants argue that not only are they entitled to a new trial but that a judgment notwithstanding the verdict on the fiduciary duty claim is in order. Defendants' "motion should be denied [if] the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that [people] in a fair and impartial exercise of their judgment may reach different conclusions." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). In support of their motion they argue that: (1) judgment on the fraud counts in their favor mandates judgment on the fiduciary duty count; (2) plaintiff could have avoided all the damages claimed; and (3) they were under no duty to disclose the information which plaintiff complains was withheld.

With regard to the first of these, the court is not prepared to hold that the evidence so overwhelmingly favors defendants that a verdict in favor of plaintiff could not stand. The decision reached by the jury can be attributed as much to its confusion as to the evidence in favor of defendants. Accordingly, based on the record, it would be improper to grant defendants judgment on this ground.

Defendants next argue that because plaintiff could have avoided the damages claimed by simply canceling the sale of the stock once he became aware of the possible

---

7. The instruction was also incorrect as it related to the securities law claim in that it should have noted that defendants could rebut the inference of causation with proof of non-reliance. *See Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir. 1975). In any event, it is now clear that the jury should have been told, in response to their in-quiry, that the definitions on pages "24 thru 28" related only to the securities law claim. The jury would then have relied on the instruction defining "proximate cause" which did not give plaintiff the benefit of an inference. Tr. 1339–40.

sale of the Frain companies, he is not entitled to relief. However, from the evidence, a jury could reasonably conclude that as of the date plaintiff became aware of the possible sale, he reasonably believed that he had no legal right to rescind the agreement to sell his stock in the Frain companies. Therefore, he could not have avoided the damages claimed. *Cf. Maere v. Churchill,* 116 Ill.App.3d 939, 948, 72 Ill.Dec. 441, 446–447, 452 N.E.2d 694, 699–700 (3d Dist. 1983).

Finally, defendants urge that they had no duty to disclose any of the information allegedly withheld because no fraud was perpetrated on plaintiff and because the sale of the companies was an uncertainty at the time plaintiff entered into the agreement to sell his stock. *Citing Agatucci v. Corradi,* 327 Ill.App. 153, 157, 63 N.E.2d 630, 632 (1st Dist.1945). In that case the court held that where directors and officers purchase stock in the company for their own accounts from other stockholders, no duty to disclose arises absent "actual fraud" or the existence of pending circumstances which assure subsequent enhanced value of the companies' stock. *Agatucci,* 327 Ill.App. at 157, 63 N.E.2d at 632. *Agatucci* is inapposite to this case.

It is not at all clear that the rule announced by the court is applicable where, as in this case, the directors and officers purchase stock for the corporation rather than for their own accounts. *See Northern Trust Co. v. Essaness Theatres Corp.,* 348 Ill.App. 134, 144, 108 N.E.2d 493, 497–98 (1st Dist.1952). Further, the precedential value of *Agatucci* has been eroded by subsequent decisions which appear to place on directors and officers a broad duty to disclose, despite proof of actual fraud or any assured subsequent enhanced value of the stock. *See Johnson v. Central Standard Life Ins. Co.,* 102 Ill.App.2d 15, 243 N.E.2d 376 (1st Dist.1968). Finally, in this case, evidence was presented to the jury from which it could have concluded that this case met the requirement of an assured subsequent enhanced value of the stock. Tr. 312–13. Accordingly, judgment notwithstanding the verdict on this ground would be improper.

In summary, defendants' motion for judgment notwithstanding the verdict is denied and their alternative motion for a new trial on the fiduciary duty claim is granted. Fed.R.Civ.P. 59. In light of the grant of a new trial, plaintiff's motion to amend judgment to include an award of prejudgment interest is denied as moot.

On Motion For Reconsideration

On February 12, 1987, the court entered an order and memorandum opinion denying defendants' motion for judgment notwithstanding the verdict but granting their alternative motion for a new trial on the breach of fiduciary duty claim. Both parties move for reconsideration of that order. Plaintiff seeks an order denying defendants' motion for a new trial or in the alternative, certification of the cause for immediate appeal. Defendants seek judgment notwithstanding the verdict on the fiduciary duty claim.

■ In support of his motion, plaintiff argues that: (1) inconsistent verdicts are not grounds for a new trial; (2) defendants waived any claim of inconsistency; and (3) it is improper to grant a new trial on only the fiduciary duty claim. As to the first of plaintiff's arguments, he misconstrues the court's earlier ruling. While inconsistent jury verdicts in a single-plaintiff case may not be grounds for a new trial, *see Will v. Comprehensive Accounting Corp.,* 776 F.2d 665, 677 n. 5 (7th Cir.1985), when the inconsistency results from jury confusion, a new trial is proper. *E.g., Diamond Shamrock Corp. v. Zinke & Trumbo Ltd.,* 791 F.2d 1416, 1423 (10th Cir.1986); *see also, Merchant v. Ruhle,* 740 F.2d 86, 90 (1st Cir.1984). In this case, because the inconsistent verdicts resulted from jury confusion (see pages 100–101), a new trial is called for.

■ With regard to the waiver argument, plaintiff takes the position that because the parties agreed on jury instructions and the response to the jury's question to the court and because defendants did not move for resubmission to the jury before its discharge, they are precluded from relying on the inconsistent verdicts as

the basis for a new trial. Again, plaintiff misses the point of the court's earlier ruling. The gist of the court's ruling is that the erroneous instructions and the inadequate response to the jury question, resulted in jury confusion with regard to the breach of fiduciary duty claim, and that permitting the verdict on that claim to stand, would be a miscarriage of justice. Accordingly, even assuming defendants did not preserve the issue, the court is not precluded from granting a new trial. *Cruthirds v. RCI Inc.,* 624 F.2d 632, 635 (5th Cir.1980); *see also Juneau Square Corp. v. First Wis. Nat. Bank,* 624 F.2d 798, 806 n. 11 (7th Cir.1980).

As to the last argument, that granting a new trial only on the fiduciary duty claim is improper, it is clear that the jury was confused only with regard to that claim (see pages 100–101), for that reason, granting a new trial on that claim alone is proper. *See* Fed.R.Civ.P. 59(a) (new trial may be granted on all or part of the issues in the case). Accordingly, plaintiff's motion to reconsider is granted, and after further consideration, the court adheres to its original ruling granting defendants' motion for a new trial. Further, because the court does not believe that an immediate appeal will advance the ultimate termination of this litigation, plaintiff's alternative motion for an order certifying the case for immediate appeal, is denied. 28 U.S.C. § 1292(b); *see also Wm. Passalacqua Bldrs. v. Resnick Developers South,* 611 F.Supp. 281, 284–85 (S.D.N.Y.1985).

Finally, because defendants have not attempted to direct the court's attention to any manifest error of law or fact concerning denial of their motion for judgment notwithstanding the verdict, their motion to reconsider is denied. *See Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982).

So ordered.