Wayne B. CHENEY, Appellant,

v.

Millard MOLER, Appellee.

No. 6422.

United States Court of Appeals
Tenth Circuit.

Nov. 18, 1960.

John Staley Holden, Cimarron, Kansas, for appellant.

Logan N. Green, Garden City, Kan. (Ray H. Calihan, Daniel R. Hopkins and Ray H. Calihan, Jr., Garden City, Kan., were with him on the brief), for appellee.

Before PHILLIPS, HUXMAN and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant initiated this suit as a claim for damages resulting from personal injuries suffered in a fight with defendant-appellee, who, in turn counter-claimed for damages arising from the altercation. The conflicting claims were submitted for determination to a jury sitting with the District Court for the District of Kansas upon instructions explaining the law of Kansas relative to assault and battery and that pertaining to liability imposed in cases of mutual combat. The trial court also instructed the jury thus:

> "Four forms of verdict have been prepared for your use. It will be necessary for you to return two verdicts in this case. One verdict upon the plaintiff's complaint, and one verdict upon the defendant's counter-claim against the plaintiff. Of course, your verdicts must be consistent with one another and in accordance with the instructions and the evidence you have heard.
>
> "If you have any difficulty with regard to which forms or the manner in which to return your verdict you may advise the Court through your bailiff."

After due deliberation and without indicating any difficulty in the consideration of the case, the jury returned two verdicts. One verdict was in favor of the plaintiff and against the defendant upon the defendant's counter-claim; the other was in favor of plaintiff and against the defendant upon plaintiff's complaint and specifically assessed no damages for the plaintiff. The court then inquired:

> "The Court: Now, does counsel on either side know of any reason why the Court should not accept both verdicts and discharge the jury?
>
> "Mr. Holden: No, Your Honor.
>
> "Mr. Green: The defendant knows of none.
>
> "The Court: Members of the jury, you will be discharged."

Judgment upon verdicts followed, each judgment favoring plaintiff and allowing recovery of costs but negating an allowance for damages upon his complaint. Plaintiff's two motions for new trial, timely made under Rule 59, F.R.Civ.P. 28 U.S.C.A. in which he sought a new trial upon all issues or, in the alternative upon the issue of damages only, because of inadequate damages were each denied by the trial court. This appeal is taken from the order denying a new trial and adds a procedural complication which must first be considered.

Judgment was entered February 9, 1960. The motions for new trial were made on February 18 and denied on March 21. Notice of appeal was given March 24. It follows that the appeal is timely if the notice of appeal is in form sufficient to invoke the jurisdiction of this court. See Rules 59, 73(a, b). The notice of appeal stated:

> "Notice is hereby given that Wayne B. Cheney, Plaintiff above named, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Order overruling Plaintiff's Motion for a New Trial, and the Order overruling Plaintiff's motion for a new Trial on the issue of damages only, entered in this action on March 21, 1960."

It is apparent that the notice of appeal does not specifically designate the judgment or part thereof appealed therefrom as required for complete com-

pliance with Rule 73(b). However, since the Supreme Court's per curiam opinion, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823, reversing the Ninth Circuit in State Farm Mutual Automobile Insurance Co. v. Palmer, 225 F.2d 876, the notice of appeal must be probed to determine whether or not the appeal is actually taken from a final judgment and an appeal will not be lost for what may be deemed "hypertechnical" reasons. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16. Although the notice of appeal is unambiguous and purports to appeal from the order denying a new trial so, too, did the notice in State Farm Mutual, supra. Looking behind the form of the notice it is clear that the appeal is timely and that it attempts to probe, as did the motion for new trial, the validity of the judgment wherein plaintiff is granted judgment upon his complaint without an award of damages. We deem State Farm Mutual, supra, to be controlling and we are constrained to entertain the appeal. ♦

The undisputed evidence shows that plaintiff lost an ear as a result of his fight with defendant and that he suffered, in addition to other elements of damage, considerable expense for medical treatments. He contends, therefore, that the verdict of the jury awarding him judgment with "no damages" is wholly inadequate as to amount and he seeks a reversal upon such premise. We think the error to lie deeper and to be not limited by the amount, or lack of amount, of damages.[1]

■ Under the clear and concise instructions of the court the jury could have, if proper consideration had been given to the instructions, returned any of several combinations of verdicts which would have been consistent with the law and the facts as the jury might have determined those facts to exist. Had the jury determined the altercation to have occurred as a mutual combat verdicts favoring plaintiff on the complaint and defendant on the counterclaim could have been returned with an allocation of damages assessed to each according to the law of Kansas. Had the jury determined that both plaintiff and defendant had failed in their respective burdens to prove the other had been the aggressor, verdicts of no cause of action upon both the complaint and counterclaim would have been proper. And had the jury determined that one of the parties was in fact the aggressor a verdict favoring the other party with an allocation of damages upon such party's affirmative pleading and a verdict of no cause of action upon the defensive pleading would have been consistent. But the verdicts, as returned, reflect a lack of understanding upon the part of the jury and show that the jury either returned an erroneous verdict or did not understand their duty to assess damages if a determination of liability was intended. We conclude that the action of the jury was a nullity under the circumstances and that a re-trial of the case upon all issues is required.

■■ As we have earlier stated, the verdicts were accepted by the trial court in open court and without objection by either party. Defendant contends that plaintiff has now waived any right to protest the verdicts. We do not believe this a proper case to invoke the harsh rule of waiver. While it is the duty of counsel to point out the existence of informality in a verdict while it still may be corrected and the duty may extend to the timely disclosure of misconduct upon the part of the jury members [2] still the primary duty to control the actions

---

1. In some instances a verdict for plaintiff with an award of "no damages" has been held to be an awkward attempt to hold for the defendant and judgment so entered has been upheld on appeal. Fischer v. Howard, 201 Or. 426, 271 P.2d 1059, 49 A.L.R.2d 1301. See also Schwab v. Nordstrom, 138 Kan. 497, 27 P.2d 242; Schumock v. Meerian, 175 Kan.

8, 259 P.2d 173. However, in the instant case we do not consider these cases persuasive as the trial court interpreted the faulty verdict as favoring plaintiff and entered judgment accordingly.

2. For an extensive discussion of waiver as it affects irregular verdicts see Fischer v. Howard, supra.

of the jury during the course of their deliberations and to see that a verdict is returned capable of supporting a judgment rests with the trial court.

The cause is reversed with directions to grant a new trial.