Henry Clayton **JONES** and Royal Globe Insurance Company, Plaintiffs-Appellants,

v.

Joy E. **NELSON** and Robert M. Nelson, Defendants-Appellees.

No. 72–1891.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 25, 1973.

Decided Aug. 31, 1973.

---

Ben A. Goff, Oklahoma City, Okla., for plaintiffs-appellants.

Charles C. Baker, Tulsa, Okla., for defendants-appellees.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

In this diversity action Henry Jones appeals the trial court's order granting summary judgment for appellees Joy and Robert Nelson. The facts indicate that Mrs. Nelson was involved in an automobile accident while traveling to New Mexico to visit her husband, who was stationed on active duty at Holloman Air Force Base. Apparently Mrs. Nelson was driving in a westerly direction when she came up behind a semi-truck driven by Jones. After passing this truck but while still in the process of returning to the righthand lane of travel, her vehicle swerved into the left front end of the truck. As a result,

both vehicles were damaged and Jones suffered serious personal injuries.

Appellants contend the appellees' negligence consisted of the following: failure to keep a proper lookout; operating the vehicle at a high and excessive rate of speed; failure to exercise ordinary care; and failure to safely overtake and pass the vehicle driven by Jones. The appellees in their answer denied these allegations and raised the affirmative defenses of unavoidable accident, sudden emergency, and contributory negligence. Depositions of Jones and Nelson were then taken. Jones' testimony was that although Nelson was not speeding when she passed him, it appeared that she either experienced a blowout on one of her tires and overreacted by cramping the wheels to the right, or she had misjudged the proximity of the two vehicles while changing back into the righthand lane immediately prior to the blowout. Jones admitted that he did not know positively how Nelson reacted to the situation. Nelson's deposition stated that she was a reasonable distance in front of the truck when she began switching into the righthand lane. She testified a blowout on the left rear tire caused her car to spin into the right lane, and although she tried to keep the car headed straight she was unable to do so.

After pre-trial conference and reading through both depositions, the trial court determined there was no genuine issue as to any material fact, and on September 27, 1972, granted summary judgment for appellees. Appellants on October 6 filed a motion for a new trial, and in support of their motion offered the affidavit of an expert in accident reconstruction. The expert stated that in his opinion a blowout upon the left rear wheel would cause the automobile to rotate around this wheel in a counterclockwise direction. Thus if the car rotated clockwise as testified by Nelson and Jones, it would be the result of driver manipulation rather than any natural forces stemming from the tire blowout. Despite this affidavit, the motion was overruled on October 18, 1972. On November 17 appellants filed their notice of appeal from the trial court's denial of the motion for new trial.

At the outset there are several jurisdictional problems which must be resolved before entertaining this case on its merits. We first note that appellants filed a motion for new trial with the district court after summary judgment was granted. Technically this motion was improper as no trial was conducted from which a new trial motion could be filed. Summary judgment is not a substitute for trial. Ando v. Great Western Sugar Co., 475 F.2d 531 (10th Cir. 1973); Machinery Center, Inc. v. Anchor Nat'l Life Ins. Co., 434 F.2d 1 (10th Cir. 1970). Nor can it be equated with a trial, for the very purpose of summary judgment is to eliminate those trials in which no issues of material fact exist. 6 Moore's Federal Practice, ¶ 56.04 [1] at 2057 (2d ed. 1948). If exercised properly it is a final disposition of the issues at hand, and the appellant's proper recourse is to appeal the order. 28 U.S.C. § 1291; *see* Waldron v. Cities Service Co., 361 F.2d 671 (2d Cir. 1966), aff'd sub nom First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Lamb v. Shasta Oil Co., 149 F.2d 729 (5th Cir. 1945). In the case at bar the summary judgment order was a complete disposition of the cause and therefore properly appealable.

Rather than appealing the summary judgment order, however, appellants appeal the denial of their motion for new trial. It is arguable that as denial of their motion for new trial is unappealable, the time for filing their notice dates from the summary judgment order. It follows that as fifty days lapsed between the summary judgment order and the notice of appeal, appellants waited too long to appeal. Our research convinces us, however, that under Rule 59(b), F.R.Civ.P., a motion for new trial is equivalent to a motion for rehearing, and thus we can view appellants' new trial motion as one for re-

hearing. *See* Claybrook Drilling Co. v. Divanco, Inc., 336 F.2d 697 (10th Cir. 1964); Slater v. Peyser, 91 U.S.App.D.C. 314, 200 F.2d 360 (1952); Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771 (1943). Although a motion for rehearing normally is not appealable, the time for taking an appeal is suspended by the timely filed motion. Rule 4(a), F.R.App.P.; Director of Revenue, State of Colorado v. United States, 392 F.2d 307 (10th Cir. 1968). In the instant case the trial court entered summary judgment on September 27, 1972. Nine days later, and within the time required by Rule 59(b), F.R.Civ.P., appellants filed their motion for new trial. The time for filing their notice of appeal was then properly suspended until the lower court overruled their new trial motion on October 18, 1972. Thirty days later, but within the statutory time limit of Rule 4(a), F.R.App.P., appellants filed their notice of appeal as provided in Rule 3(a), F.R.App.P. We therefore hold that appellants timely filed their notice, thereby staving off any jurisdictional problems relating to timeliness.

■ Appellees charge, however, that appellants' notice of appeal improperly designates the judgment appealed from and thus violates Rule 3(c), F.R.App.P. The notice of appeal states that the appeal is being taken "from the order denying the motion for new trial" rather than the order sustaining appellees' motion for summary judgment. Appellees thus argue that as appellants have appealed an unappealable order the notice is deficient and our court lacks jurisdiction to hear this case. Our court was confronted with a similar problem in Cheney v. Moler, 285 F.2d 116 (10th Cir. 1960). In that case appellant's notice of appeal, as in the case at bar, appealed the trial court's order overruling his motion for a new trial. In following State Farm Mutual Auto. Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956), we held "the notice of appeal must be probed to determine whether or not the appeal is actually taken from a

final judgment and an appeal will not be lost for what may be deemed 'hypertechnical' reasons." Cheney v. Moler, *supra*, 285 F.2d at 118. By looking behind the form of notice it is clear the appeal probes the validity of the summary judgment and we therefore find the technical error to be harmless. Nichols v. Eli Lilly & Co., (10th Cir. 1973); Herron & Herron, Trustees v. Rozelle, 480 F.2d 282 (10th Cir. 1973); Cheney v. Moler, *supra*; 9 Moore's Federal Practice, ¶ 203.18, at 752–755 (2d ed. 1948).

■ Looking to the merits of this appeal we find but one issue: whether based on the pleadings and depositions of the parties on file there is any genuine issue of material fact pertaining to the alleged negligence of Joy Nelson. In determining this issue we are reminded that any relief contemplated by Rule 56, F.R.Civ.P., is drastic and should be applied with caution to the end that litigants will have a trial on bona fide factual disputes. No margin exists for the disposition of factual issues. If there is any issue as to a material fact dispositive of right or duty, the case is not ripe for summary judgment. Ando v. Great Western Sugar Co., *supra;* Bushman Constr. Co. v. Conner, 307 F.2d 888 (10th Cir. 1962).

■ Admittedly Jones' deposition appears to be contradictory in some respects and at times supports Nelson's position; but in several areas there remain factual issues. In particular there is the testimony of Jones that Nelson's car started changing lanes before safely passing Jones' truck. Mrs. Nelson's testimony is that she was a reasonable distance in front of the truck before changing lanes. Another factual dispute arises in relation to Nelson's handling of the car after the blowout. Her testimony is that she did everything possible to keep the car out of Jones' path but it was impossible to do under the circumstances. Jones, a professional truck driver who had experienced blowouts on his own trucks, testified that it appeared to him Nelson overreacted to the

situation by cramping her wheels to the right, thereby causing the car to spin into his truck. Lending support to Jones' opinion is the affidavit of an accident reconstruction expert which indicated the car's clockwise spin resulted from driver manipulation. These are disputed issues going to the negligence of Nelson in operating her car.

After carefully viewing the entire record before us, in light of the allegations of negligence urged by plaintiffs-appellants, we must conclude there are issues of material disputed facts remaining in the case unresolved. Disposition of the case upon the merits by the granting of summary judgment was improper.

The granting of such judgment is set aside and the case is remanded for further proceedings.