541 F.2d 865
 GLOBAL VAN LINES, INC. and Albert Kea, Jr., Plaintiffs-Appellees,
v.
Conrad H. NEBEKER, Defendant-Appellee,
Provisioners Frozen Express, Defendant,
James P. Horiskey, Administrator of the Estate of Gary
Thomas Crone, Deceased, Defendant-Appellant.
and
James L. Applegate, Administrator of the Estate of William
Tracy MacLean, Deceased, Defendant.
 No. 75-1663.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted July 30, 1976.
Sept. 9, 1976.
 
 A. Joseph Williams, of Guy, Williams & White, Cheyenne, Wyo., for plaintiffs-appellees.
 Kenneth R. Ahlf, of Oberquell & Ahlf, Lacey, Wash. (James P. Horiskey, of Rooney & Horiskey, Cheyenne, Wyo., on the brief), for defendant-appellant.
 Before SETH, BARRETT and DOYLE, Circuit Judges.
 DOYLE, Circuit Judge.
 
 
 1
 This diversity case, which was tried under the recently enacted Wyoming comparative negligence statute, arose out of a collision involving two tractor-trailers and a cow. On January 10, 1974, the cow, owned by Conrad H. Nebeker, wandered onto U.S. Highway 30, about one-half mile north of Cokeville, Wyoming. Albert Kea was driving a tractor-trailer in the course of his employment by Global Van Lines, Inc. The southbound vehicle struck the cow and came to rest across the highway, blocking both lanes. Shortly thereafter, a northbound tractor-trailer owned by Provisioners Frozen Express, Inc. and driven by Gary Crone, a Provisioners employee, struck the Global vehicle. William MacLean, the relief driver and also a Provisioners employee, was asleep in the tractor. As a result of the collision, Crone and MacLean were killed, Kea was injured, and both trucks were damaged substantially.
 
 
 2
 Kea and Global initiated the proceedings by filing a complaint, in the District of Wyoming, against Nebeker, Provisioners and the estates of Crone and MacLean. Both plaintiffs claimed damages for personal injury and property damage. Provisioners and the estates of Crone and MacLean filed cross-claims against Nebeker and counterclaims against Global and Kea for property damage and wrongful death. Nebeker filed cross-claims against Global and Kea for indemnity as to the Provisioners' and estates' cross-claims. Nebeker also filed a cross-claim against Provisioners and the estates in case he was found liable to the plaintiffs. Prior to trial, the MacLean estate was granted summary judgment of dismissal as to the claims against it. Also prior to trial, the Crone and MacLean estates settled their claims against Nebeker.
 
 
 3
 There were three factual issues presented to the jury: one, whether Nebeker, or his agents, were negligent in allowing the cow to be on the highway; two, whether Kea, and Global vicariously, was negligent in not avoiding the collision with the cow and in not moving the vehicle or warning approaching traffic prior to the Provisioners collision; and three, whether Crone, and Provisioners vicariously, was negligent in not avoiding hitting the Global vehicle.
 
 
 4
 At the close of the evidence, the court gave instructions to the jury which included vicarious liability[1] and comparative negligence. At the conclusion of the instructions, the court gave the jury five special verdict forms one for each of the claiming parties, Kea, Global, Provisioners, the Crone estate, and the MacLean estate on which the jurors could record whether the claimant or the opposing parties should prevail and the percentages of negligence of the claimant and the opposing parties.
 
 
 5
 During the deliberations, the jury returned twice to ask two questions each time. The questions and the court's answers were:
 
 
 6
 1. Whether Crone and/or Provisioners should be included in the negligence allocation with regard to the claim of the MacLean estate. The court answered no since the estate had not sued Crone/Provisioners.2. Whether there should be a single allocation of negligence or separate allocations for each verdict. The court said that there did not necessarily have to be a single allocation of negligence.
 
 
 7
 3. "Should the percentage of negligence of Crone on his estate verdict be the same as the percentage of negligence of Provisioners listed on Kea's verdict?" The court answered yes, in accordance with its instructions on vicarious liability.
 
 
 8
 4. "If 'X' is awarded a hundred thousand dollars but is listed with the highest percentage would 'X' or his estate receive any monetary amount?" The court's initial response was yes, but following a colloquy with the attorneys the trial judge apparently changed his answer to no.
 
 
 9
 The jury continued its deliberations and reached a verdict. It found in favor of Kea against Nebeker and Provisioners and assessed his damages at $110,000. It assigned 30% of the negligence to Kea, 21% to Nebeker, and 49% to Provisioners. It found for Global against Nebeker and Provisioners for $10,000, with no negligence on Global's part; 10% on Nebeker's part; 90% on Provisioner's part. The jury found in favor of the Crone estate and assessed damages at $250,000. It assigned 30% of the negligence to Kea and Global, 21% to Nebeker, 49% to Crone. It found in favor of the MacLean estate for $150,000 against Nebeker and Global and Kea, with Nebeker 13% negligent and Global and Kea 87% negligent. Finally, it found against Provisioners on its cross- and counterclaims against Global, Kea, and Nebeker. Nebeker, Provisioners and the Crone estate all moved for a new trial, which motions were denied.[2] This appeal followed.[3]
 
 
 10
 The Global judgment against Nebeker and Provisioners has been paid. The MacLean estate judgment is in the process of settlement. The trial court ordered a remittitur on the Kea judgment, which Kea refused; the claim has been retried.[4]
 
 
 11
 Provisioners originally filed a notice of appeal in this court, presumably appealing from the judgments of Kea and Global against it. However, there was a subsequent dismissal of this appeal (on January 28, 1976). This was a result of satisfaction of the judgment in favor of Global. (The Kea case was retried.)
 
 
 12
 Thus, the Crone judgment alone is the subject of this appeal. The only issue which the appellant estate raises is inconsistency of the verdicts. It contends that, in this case where all parties were present, a single apportionment of negligence should have been made and that the negligence of Kea and Global and that of Crone and Provisioners should have been the same in all verdicts, given the vicarious nature of Global's and Provisioners' liability. Appellant further argues that since the verdicts are irreconcilably inconsistent, the trial court's denial of its new trial motion must be reversed and the cause be remanded for a new trial.
 
 
 13
 The most noticeable inconsistency in the verdicts arises from the jury's failure to impute Kea's negligence to his employer Global. Nor was cognizance taken of the negligent contribution of Crone to MacLean's death. On this latter, the MacLean estate did not sue either the Crone estate or Provisioners and so the jury was left to assessing the MacLean action only against Nebeker and Kea-Global.
 
 
 14
 It is true that where the verdict is inconsistent, indicating either confusion or abuse on the jury's part, a motion for a new trial is not discretionary and a new trial must be granted. Cheney v. Moler, 285 F.2d 116, 118 (10th Cir. 1960). But, in Cheney and Hopkins v. Coen, 431 F.2d 1055 (6th Cir. 1970), cited by appellant, remand was feasible. In Hopkins, a diversity action arising out of a vehicular collision, all of the inconsistent verdicts were presented to the court of appeals for review. Since the entire case was before the court, a remand and retrial would provide the relief requested elimination of the inconsistency among the verdicts.
 
 
 15
 In contrast, only the claim of the Crone estate is before this court, the other claims having been satisfied, settled or retried. A remand and retrial with respect to only one of the five allegedly inconsistent verdicts will do nothing to remedy the situation. In fact, a retrial has the distinct possibility of compounding any inconsistency as was demonstrated by the verdict in the retrial of the Kea claim (see footnote 4, supra) where the jury on retrial came to a new and different apportionment of negligence. Since the other verdicts and judgments are not a part of this appeal, there is nothing this court can do to relieve the inconsistency of which appellant complains.
 
 
 16
 In any event, we fail to see inconsistencies of the character and severity contemplated by the rule which says that inconsistencies which show jury confusion serve to mandate a new trial.
 
 
 17
 Appellant also advances the argument that since the percentages of negligence attributed to the principals and their agents are not the same on all five verdicts, a new trial is necessary. Again, since only one of the five verdicts is in issue on this appeal, a remand by this court will not remedy the situation. Given the posture of the appeal, the court cannot undo what has been done.
 
 
 18
 For this court to provide the relief requested, all the five verdicts, giving rise to inconsistency, would have to be presented on this appeal. Secondly, they would have to show that the jury was in a state of confusion. We fail to see that the jury was severely confused. On the contrary, considering the complexity of the case, the jury performed remarkably well.
 
 
 19
 Having considered the verdicts in the case at bar together with the other verdicts, dispositions and judgments, this court is of the opinion that the present judgment should be affirmed. To remand for a new trial would compound any confusion that exists.
 
 
 20
 The judgment of the district court is affirmed.
 
 
 
 [1]
 It was not disputed that Kea and Crone were acting in the scope of their employment and that, therefore, Global and Provisioners were vicariously liable
 
 
 [2]
 We wish to emphasize that the propriety of the trial court's construction and application of the Wyoming comparative negligence statute is not an issue presented on this appeal. Needless to add, we decline to consider it on our own initiative
 
 
 [3]
 A graphic summary of the several verdicts follows:
 Percentage Designation of Verdict Form
 of
Negligence Kea Global Provisioners Crone MacLean
----------------------------------------------------------
Global 0% A P
 G R
Kea 30% A O
 I V
Global & N I
Kea S S 30% 87%
 T I
Nebeker 21% 10% O 21% 13%
 N
Provisioners 49% 90% E
 R
Crone S 49%
 
 
 [4]
 The retrial was completed in May 1976. The jury found for Kea in the amount of $94,000 and apportioned negligence as follows: Kea, 26%; Nebeker, 28%; Provisioners, 52%. This judgment was satisfied as of July 12, 1976