838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice HOLLOWAY & Terry Bradley, Plaintiffs-Appellants,
v.
Robert McINTYRE, Edward Allen, Richard Cesarz & City of
Detroit, a municipal corporation, Defendants-Appellees.
 Nos. 86-1001, 86-1898.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Maurice Holloway and Terry Bradley appeal the district court's orders vacating their judgment against the City of Detroit for intentional infliction of emotional distress, and denying their alternative request for a new trial. We conclude that the jury verdicts in this case were inconsistent with the jury instructions and with each other, and the district court erred by refusing to order a new trial.
 
 
 2
 * Holloway and Bradley sued the City of Detroit and several police officers of the Detroit police department in district court, alleging the officers violated their rights secured by the fourth, fifth and fourteenth amendments to the Constitution.[1] These civil rights claims were brought pursuant to 42 U.S.C. Secs. 1981, 1983, 1985 and 1986. The appellants also asserted state law claims for false arrest, false imprisonment and intentional infliction of emotional distress.
 
 
 3
 A jury trial was held on January 23, 1985. At the close of all the evidence, the district court instructed the jury in pertinent part as follows:
 
 
 4
 Now, the City of Detroit may be held liable for the intentional misconduct of one of its employees if such intentional misconduct was committed by an employee while acting within the scope of employment. Therefore, if you find defendants McIntyre, Allen, and Cesarz liable for either false arrest, false imprisonment, or intentional infliction of emotional distress, then you must next decide if the defendants, in committing any such intentional misconduct, were acting within the scope of their employment.
 
 
 5
 An employer is liable for the acts of its employee when the employee is acting within the scope of his employment, even though acting contrary to instructions.
 
 
 6
 If you find that defendants are liable for false arrest, false imprisonment, or intentional infliction of emotional distress, and that in committing such acts they were acting within the scope of their employment, then you must also find defendant City of Detroit liable for such claim or claims. If you find that defendants are not liable for false arrest, false imprisonment, or intentional infliction of emotional distress, or that defendants were liable but were acting outside the scope of their employment, then you must find in favor of the City of Detroit on plaintiffs' claims of false arrest, false imprisonment and intentional infliction of emotional distress.
 
 
 7
 When the charge was completed, the jury received two seven-page verdict forms for each appellant, titled "Special Verdict Questions," which the district court had drafted. The forms requested separate verdicts on each of the appellants' claims, and the amount of damages they may have sustained.
 
 
 8
 On each form, the jury returned verdicts in favor of the defendant police officers on all claims. However, the jury found the City of Detroit liable for intentional infliction of emotional distress, and awarded $100,000 in damages to each appellant. The City was absolved of liability on the remaining claims. The district court entered judgment on the jury's verdicts on February 5, 1985.
 
 
 9
 Shortly afterwards, the City moved for judgment notwithstanding the verdict under Rule 50, Fed.R.Civ.P., or to set aside the judgment under Rule 60(b)(6), Fed.R.Civ.P. The sole ground for relief indicated in the motion was that the verdicts were "contrary to the great weight of evidence and [were] also contrary to law." The trial court indicated that although the basis of the Rule 60 motion was "not entirely clear," the gist of the City's contention seemed to be "that the judgment against the City [could not] stand where the jury exonerated the City's agents for the tort of intentional infliction of emotional distress."
 
 
 10
 The district court denied the request for judgment notwithstanding the verdict because the City failed to renew its motion for a directed verdict at the close of all the evidence. Rule 50(b), Fed.R.Civ.P. Nevertheless, the court entertained the Rule 60(b)(6) motion in its discretion "in order to accomplish justice." Relying in part on Hopkins v. Coen, 431 F.2d 1055 (6th Cir.1970), the court concluded that it would be an abuse of discretion not to vacate the judgment "where the jury verdicts were inconsistent and contrary to the instructions" of the court. The court reasoned as follows:
 
 
 11
 [T]he jury verdict in this case represents a miscarriage of justice for the reason that the jury's answer to a special verdict question imposing liability on the City of Detroit for intentional infliction of emotional distress is inconsistent with the jury's finding that no individual defendant police officer was liable for such intentional tort, let alone liable for any tort or cause of action raised by Plaintiffs in this matter whatsoever. The jury was properly instructed that under Michigan law, the City of Detroit could only be held liable for the intentional misconduct of an employee acting within the scope of his or her employment, and that absent such a finding of liability on the part of any individual defendant police officer, a verdict must be entered on behalf of the City of Detroit and against Plaintiffs in this case. See Graves v. Wayne County, 124 Mich.App. 36, 41 (1983). There is no legal theory under the instructions of this Court by which the City of Detroit could have been held liable where the agents or employees of the City were found non-culpable.
 
 
 12
 In its disposition, the district court vacated the judgment entered in favor of appellants on the claim of intentional infliction of emotional distress.
 
 
 13
 Apparently unsure of whether the district court's order precluded further proceedings, the appellants moved for a variety of relief. In substance, they sought reconsideration and denial of the City's Rule 60(b)(6) motion, or a new trial "as to all parties and as to all counts." These motions were denied. In response to the new trial request, the court concluded that Rule 60(b)(6) did not mandate that a new trial be held. In addition, the appellants had waived any right to make such a request when they failed to object to the jury charge during the trial. On September 23, 1986, the district court entered judgment in favor of the City of Detroit. This appeal followed.
 
 II
 
 14
 At the outset, appellants contend that the City waived its right to complain about the jury verdicts by failing to bring the problem to the district court's attention before the jury was discharged. According to appellants, the City should have asked that the jury resume its deliberations in order to rectify the inconsistency.
 
 
 15
 In support of this contention, appellants rely on cases that were decided under Rule 49(b), Fed.R.Civ.P., and involved general verdicts which were inconsistent with answers to one or more interrogatories. Fernandez v. Chardon, 681 F.2d 42 (1st Cir.1982), affirmed on other grounds sub nom. Chardon v. Fumero Soto, 462 U.S. 650 (1983); Barnes v. Brown, 430 F.2d 578 (7th Cir.1970); Cundiff v. Washburn, 393 F.2d 505 (7th Cir.1968). Although not uniformly the case, several circuits have held that Rule 49(b) allows a party to waive any objections to alleged inconsistency in the interrogatories (or between the interrogatories and the general verdict) by failing to raise them before the jury is discharged. See, e.g., Strauss v. Stratojac Corp., 810 F.2d 679, 683 (7th Cir.1987) (and cases cited therein); 5A J. Moore & J. Lucas, Moore's Federal Practice p 49.04, at 49-45 (2d ed. 1987). But see Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1354-56 (9th Cir.1987); Schaafsma v. Morin Vermont Corp., 802 F.2d 629, 634-35 (2d Cir.1986); 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2513, at 527-28 (1971). In this case, by contrast, the jury never received any interrogatories. Consequently, we do not have the compulsion of a procedural rule to dictate the path we should follow on this issue.[2]
 
 
 16
 Having said as much, we do not believe the waiver rule should be applied in this case. The central issue here, unlike the cases cited by appellants, is whether the verdicts are inconsistent with the trial court's instructions to the jury. Where the inconsistency is so plain that it strongly suggests that the jury was confused or abused its discretion, we will not hold counsel to his failure to object. See Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd., 791 F.2d 1416, 1423 (10th Cir.), cert. denied sub nom. Diamond Shamrock Corp. v. Hamilton, --- U.S. ----, 107 S.Ct. 647 (1986); Hopkins v. Coen, 431 F.2d 1055 (6th Cir.1970); Cheney v. Moler, 285 F.2d 116, 118-19 (10th Cir.1960). Indeed, even in the context of Rule 49(b), the Seventh Circuit has recognized that the inconsistency in special interrogatories may be "so obvious that it would be proper to hold that the trial judge had an independent responsibility to act despite trial counsel's silence." Stratojac Corp., 810 F.2d at 683 (citation omitted). As we discuss infra, the jury's verdicts in this case and the court's instructions were plainly irreconcilable. This conflict makes the application of the waiver rule particularly inappropriate in this case.[3]
 
 III
 
 17
 Next, appellants contend that the jury verdicts awarding damages against the City of Detroit on the claim for intentional infliction of emotional distress were not necessarily inconsistent and could be explained in a number of ways consistent with a reasonable view of the facts and the law. They suggest, for example, that the jury could have found that the acts of the individual officers, taken alone, were not sufficiently extreme and outrageous to impose individual liability for intentional infliction of emotional distress. At the same time, however, the acts of all the officers, considered collectively, were extreme and outrageous enough to impose liability on the City. As an alternative theory, appellants submit that the jury was convinced that some of the defendant officers (whether named or unnamed) committed extreme and outrageous acts sufficient to support an emotional distress claim against the City. Yet, the jury did not impose liability on any individual officers because it was not clear which officers had committed these acts.
 
 
 18
 When requested, a trial court faced with an apparent inconsistency between a jury's answers and the court's instructions must attempt to reconcile the two. See Waggoner v. Mosti, 792 F.2d 595, 597 (6th Cir.1986) (and cases cited therein). The court must do so considering the particular instructions given. Ibid. This latter point is where appellants' argument falters. Their theories are simply inconsistent with the trial court's charge to the jury. See Frain v. Andy Frain, Inc., 660 F.Supp. 97, 101 (N.D.Ill.1987) ("to resolve an inconsistent verdict by reconciling it on a theory that was never present[ed] to the jury would be improper"). We presume that juries act in accordance with the instructions given them and do not consider and base their decisions on legal theories with respect to which they are not charged. See City of Los Angeles v. Heller, 475 U.S. 769 (1986).
 
 
 19
 As we read the district court's instructions, the jury could impose liability on the City of Detroit only after it returned a verdict against one or more defendant officers.[4] Since the jury absolved the officers of liability, it was inconsistent then to find the City liable. We are left with the unmistakable impression that the jury either was confused by the court's instructions or abused its power by ignoring them.
 
 
 20
 Perhaps, in a different trial, a jury could be instructed under state law consistent with the appellants' theories. It is sufficient to say that the jury here was not instructed to that effect. Simply put, the jury instructions were clear and precluded the results in this case.[5] "[W]hen only cacophony reigns, the verdicts must be set aside." Jarvis v. Commercial Union Assurance Companies, 823 F.2d 392, 395 (10th Cir.1987). Accordingly, the district court properly vacated the judgment against the City of Detroit on the emotional distress claim.
 
 IV
 
 21
 As a final claim of error, appellants assert that the district court should have granted a new trial, having vacated the judgment against the City. Instead, the court entered judgment for the City. In appellants' view, the trial court improperly chose which of the jury's inconsistent verdicts it considered correct and disregarded the other. We agree.
 
 
 22
 We recognize that the decision to relieve a party from a judgment, order or proceeding under Rule 60(b)(6) is committed to the sound discretion of the trial court. Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985). At the same time, we have held that a trial court abuses its discretion when it fails to grant a new trial in the face of a jury verdict which indicates that the jury was "either in a state of confusion or abused its power...." Hopkins v. Coen, 431 F.2d at 1059. See also Diamond Shamrock Corp., 791 F.2d at 1423; Stone v. City of Chicago, 738 F.2d 896, 899 (7th Cir.1984); Global Van Lines, Inc. v. Nebeker, 541 F.2d 865, 868 (10th Cir.1976); Cheney v. Moler, 285 F.2d 116, 118 (10th Cir.1960). Because the verdicts in this case reveal either of two unfortunate circumstances, profound confusion or usurpation of unallocated powers, it follows that the district court erred in refusing to grant a new trial.
 
 
 23
 The appellees contend that the district court only adopted the view which made the jury's answers to the special verdict questions consistent with the jury charge. However, the court improperly chose to believe one aspect of the jury's answers to the exclusion of the other answer. In particular, the court chose to believe that the jury wanted to absolve both the City of Detroit and the defendant officers of liability. It is equally plausible that the jury's finding of liability as to the City indicated that it also wished to find the officers liable. Moreover, the district court ignored the distinct possibility that the jury was confused or simply refused to abide by the court's instructions. In short, we have no way of knowing why the jury decided to hold the City liable for intentional infliction of emotional distress and to absolve the defendant officers. Since we cannot assume which result the jury intended, and we cannot tolerate the possibility that the jury did not follow the charge, this case must be remanded for a new trial against all parties and as to all claims. See Hopkins v. Coen, 431 F.2d at 1060.
 
 
 24
 The district court refused to grant the request for a new trial in part because appellants failed to object to the jury instructions during the trial. At trial, however, it is often difficult to anticipate an inconsistency before it occurs. We do not believe a party should be held to an onerous inconsistency merely because he was not prescient of upcoming events. At least "where the instructions do not foreshadow inconsistency, there is no basis for requiring contemporary objection." Merchant v. Ruhle, 740 F.2d 86, 91 (1st Cir.1984). As noted earlier, the jury instructions here were not "plainly in error," nor did they "foreshadow inconsistency."
 
 
 25
 Accordingly, the judgments of the district court in favor of the City of Detroit and the defendant officers are vacated and this case is remanded with instructions to afford appellants a new trial on all claims raised below.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The City of Detroit and the defendant officers collectively will be referred to as "appellees."
 
 
 [2]
 Even assuming we have "special verdicts" as contemplated by Rule 49(a), Fed.R.Civ.P., the City would not be precluded from raising the inconsistency after the jury had been discharged. Malley-Duff & Associates v. Crown Life Insurance Co., 734 F.2d 133, 145 (3d Cir.), cert. denied, 469 U.S. 1072 (1984) (waiver rule is not applicable to Rule 49(a)); Mercer v. Long Manufacturing N.C., Inc., 671 F.2d 946, 947-48 & n. 1 (5th Cir.1982) (per curiam on petition for reh'g) (same). See also Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd., 791 F.2d 1416, 1430-31 (10th Cir.) (McKay, J., concurring in part and dissenting in part), cert. denied sub nom. Diamond Shamrock Corp. v. Hamilton, --- U.S. ----, 107 S.Ct. 647 (1986)
 
 
 [3]
 Appellants also argue that a Rule 60 motion is an improper vehicle to challenge the inconsistency in this case. However, this approach is not without precedent. See Hand v. United States, 441 F.2d 529 (5th Cir.1971) (per curiam); Hopkins v. Coen, 431 F.2d at 1059
 
 
 [4]
 Even then, the jury could still have absolved the City of liability if it concluded that the officers were acting outside the scope of their employment
 
 
 [5]
 On appeal, appellants have not claimed error in the jury instructions, and we do not believe they are "plainly in error." Waggoner v. Mosti, 792 F.2d at 597