**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTENA WHITE,

       Plaintiff - Appellant,

    v.

SCOTT JOHN OCKEY, also known as
Scott J. Ockey, also known as Scott
Ockey, also known as J. Scott Ockey,
doing business as CCA Corporation;
MARK SHURTLEFF; CHARLENE
BARLOW, State of Utah Attorney
General's office, individually and in
their official capacity; MICHAEL
HINES; PAUL FIENDT, State of Utah
Securities Division, individually and
in their official capacities,

       Defendants - Appellees.

No. 06-4225
(D. Utah)
(D.C. No. 2:06-CV-17-TS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After being convicted on state charges of securities fraud in 2002, Christena White filed in the United States District Court for the District of Utah a pro se complaint against Scott Ockey (Ms. White's previous landlord), the Utah Attorney General's Office, Attorney General Mark Shurtleff, Assistant Attorney General Charlene Barlow, the Utah Securities Division, and two Securities Division officials, Michael Hines and Paul Fiendt. We will refer to the defendants other than Mr. Ockey as the State Defendants. The complaint alleges against the State Defendants federal claims under 42 U.S.C. § 3604 (the Fair Housing Act) and 42 U.S.C. § 1983, and state-law claims for abuse of process, tortious interference with economic development, negligent interference with economic development, and intentional infliction of emotional distress. In addition, it alleges a defamation claim against Assistant Attorney General Barlow. Against Mr. Ockey, it alleges the above claims, as well as actions for trespass, conversion, interference with quiet enjoyment of rental property, defamation, fraud, deceptive business practices, malicious prosecution, sexual harassment, constructive eviction, civil extortion, unjust enrichment, and a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. § 1964(c).

Both the State Defendants and Mr. Ockey filed motions to dismiss. The district court granted the State Defendants' motion, dismissing Ms. White's § 1983 claim on Eleventh Amendment grounds and the state-law claims under the

Utah Governmental Immunity Act (UGIA), Utah Code Ann. § 63-30-1 *et seq.* (Supp. 2003). As further grounds for dismissing some of the claims, it ruled that (1) Ms. Barlow had absolute immunity for actions as a prosecutor, (2) Ms. White had failed to allege the falsity of the statements that Ms. Barlow made about her in an affidavit, and (3) the complaint makes no allegations of misconduct by Attorney General Shurtleff. In a separate order the district court granted Mr. Ockey's motion to dismiss, holding that the claims against him should have been brought as counterclaims in an earlier suit.

On appeal Ms. White's sole contentions are that (1) the district court erred in dismissing her claims against the State Defendants on immunity grounds, (2) the district court improperly allowed a magistrate judge to write the court's orders; (3) the magistrate judge was prejudiced against her; (4) the district court separated the claims against Mr. Ockey from the claims against the State Defendants; (5) the district court accepted untimely filings from the defendants; and (6) the district court denied her a fair trial under the Sixth Amendment. We affirm.

Before turning to Ms. White's contentions we must address the State Defendants' assertion that we lack jurisdiction because Ms. White's notice of appeal does not designate the dismissal order but only the district court's order denying her objections to the dismissal order. Under Fed. R. App. P. 3(c)(1)(B) "[t]he notice of appeal must . . . designate the judgment, order, or part thereof

-3-

being appealed." But we construe Ms. White's pleadings liberally because she brought the action pro se, *see Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). Moreover, "[t]he requirements of Rule 3 should be liberally construed. Mere technicalities should not obstruct the consideration of a case on its merits." *Nolan v. U.S. Dept. of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) (citations, brackets and internal quotation marks omitted). Thus, a notice of appeal designating a ruling on a postjudgment motion is ordinarily effective to appeal the judgment itself. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (notice of appeal from denial of leave to amend was "effective, although inept, attempt to appeal from the judgment sought to be vacated."); *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973) (notice of appeal from denial of motion for new trial was effective as notice to appeal final judgment); *Cheney v. Moler*, 285 F.2d 116, 117–118 (10th Cir. 1960) (same). We therefore have jurisdiction to consider this appeal and turn to the merits of the dismissal of the claims against the State Defendants.

"Dismissal of a pro se complaint under Rule 12(b)(6) for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend." *Johnson*, 466 F.3d at 1214–15 (internal quotation marks omitted). We review de novo a district court's dismissal for failure to state a claim upon which

relief can be granted. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The district court correctly dismissed the state-law claims under the UGIA. At the time of the incidents alleged by Ms. White it provided:

> A claim against the state, or against its employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed with the attorney general *within one year after the claim arises*, or before the expiration of any extension of time granted under Section 63-30-11, regardless of whether or not the function giving rise to the claim is characterized as governmental.

Utah Code Ann. § 63-30-12 (emphasis added) (The UGIA was superseded by the Governmental Immunity Act of Utah, Utah Code Ann. § 63-30d-101ff (2004), but the provision quoted here was not materially changed by its successor, § 63-30d-402). All the events alleged in the complaint occurred between August 8, 2001, and January 14, 2004. Ms. White's Notice of Claim to the Utah Attorney General, however, was filed on May 2, 2006—more than one year after the last of the alleged events. Although Ms. White asserts that the Utah Constitution's Supremacy Clause, Utah Const. art. I, § 3 (which states that Utah is a part of the Federal Union and that the federal Constitution is supreme), somehow defeats the UGIA, she does not suggest how.

Turning to Ms. White's federal claims, the district court correctly ruled that the Eleventh Amendment protected the State Defendants from Ms. White's § 1983

claims against them in their official capacities. *See Ruiz*, 299 F.3d at 1180. The district court also properly dismissed the individual-capacity claim against Ms. Barlow because of her prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). And the court properly dismissed Attorney General Shurtleff from the § 1983 suit because the complaint failed to mention him in its allegations; he would not be liable simply on the ground that he was a supervisor, *see Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) ("[T]here is no concept of strict supervisor liability under section 1983." (internal quotation marks omitted)).

The district court failed, however, to address either Ms. White's Fair Housing Act claim or her § 1983 claims against Hines and Fiendt in their individual capacities. Nevertheless, we may affirm the judgment below "on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *See Mann v. Boatwright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (internal quotation marks omitted).

Ms. White's Fair Housing Act claim fails to state a cause of action against the State Defendants because it does not allege that the State Defendants discriminated against her on the basis of race, color, religion, sex, familial status, or national origin. *See* 42 U.S.C. § 3604(a). As to the claims that Hines and Fiendt violated Ms. White's constitutional rights by entrapping her and later

committing perjury, the complaint is so bare of pertinent factual allegations that it fails to "nudge[] [her] claims across the line from conceivable to plausible," and therefore must be dismissed. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007).

Finally, we reject Ms. White's remaining contentions. Her assertions that the district court abused its discretion by "bringing in" a magistrate judge "to write the court's dismissals" and that the magistrate judge "was prejudiced in the way he wrote motions to dismiss, " Aplt. Br. at 2, are supported by no specific facts (or even specific allegations) nor any legal argument. She likewise fails to explain how the district court erred "by separating the Defendants [sic] Ockey from the Defendants of the State," *id*., presumably a reference to the district court's disposing of her claims in two separate orders. And her contention that the district court abused its discretion by "consistently accepting untimely filings from both the State Defendants and Defendant Ockey," *id*. at 2–3, is not accompanied by any recitation of which filings were untimely and why they should not have been accepted. We reject as well her claim that the dismissal of her claims violated her "Sixth Amendment right to a fair trial." *Id*. at 2. That amendment applies only to "criminal prosecutions." U.S. Const. amend VI. Even if we construe her claim as a *Seventh* Amendment claim, that argument too fails. *See Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (proper dismissal

under Fed. R. Civ. P. 12(b)(6) establishes that there were no facts to be tried, so Seventh Amendment right to jury trial is not implicated).

We AFFIRM the judgment below.  We DENY Ms. White's motion to supplement the record and overrule her objection to our order permitting the filing of Mr. Ockey's brief.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge