**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARCIE ISAACSON,

        Plaintiff-Appellant,

v.

JOE B. ISAACSON,

        Defendant-Appellee.

No. 11-6201
(D.C. No. 5:10-CV-00678-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Plaintiff Marcie Isaacson appeals from the district court's grant of summary

judgment to her ex-husband, defendant Joe B. Isaacson, D.D.S., and its denial of

her motion for partial summary judgment in this suit alleging violations of the

Oklahoma wiretap act, formally known as the Security of Communications Act,

Okla. Stat. tit. 13, §§ 176.1-176.14, and the federal wiretap act, formally known

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

The parties divorced on July 30, 2008, and were awarded joint custody of their five-year old twin boys. From mid-February into July 2009, Dr. Isaacson recorded the telephone conversations the boys had with their mother at his house by means of a recording device he caused to be placed on his home phones.

On January 19, 2010, Dr. Isaacson filed a motion in the divorce case to terminate joint custody. It was during that litigation that Ms. Isaacson learned that Dr. Isaacson had been taping the boys' conversations with her while they were at his home. She filed a motion in limine to prevent his use of the tape recordings, asserting that they were obtained in violation of the law. Dr. Isaacson argued in response that he had a good faith concern for his minor sons' welfare and, as a result, the taping was not illegal under the vicarious consent and extension phone exceptions to the federal wiretap act. On June 24, 2010, the state court granted Ms. Isaacson's motion to suppress, ruling from the bench that both the state and federal wiretap acts applied, that there was an intercepted communication in violation of both acts, and that no exceptions to the acts applied. *See* Aplt. App., Vol. 1, at 127-28.

Ms. Isaacson filed this federal suit on June 29, 2010. In her amended complaint, she asserted that Dr. Isaacson had violated the federal and state wiretap acts. *Id.* at 212-13. In his November 10, 2010, motion for summary judgment, Dr. Isaacson argued that he was entitled to summary judgment on his affirmative defenses of consent, vicarious consent, and the extension phone exceptions to the federal wiretap act. *See, e.g., id.* at 25-31. He made thirty-two assertions of undisputed material facts, *see id.* at 10-20, and attached evidentiary material to his summary judgment motion, *see, e.g.*, *id.* at 32-88. Ms. Isaacson filed a combined response and motion for partial summary judgment on November 22, 2010. Aplee. Supp. App. at 22. She admitted half of Dr. Isaacson's assertions of undisputed material facts, *see id.* at 27-34, and presented no evidence to controvert the others. In particular, she admitted sending her ex-husband text messages in January and early February 2009 stating, "your kids cannot stand you," "Kids are the true judges. . . . I'm taking your rights away[,]" and directing him to get his attorney because she thought that she could prove that he was "not a proper parent[,]" that the boys "don't want to come to your house anyway[,]" and that she could get more money and time with her children. *Id.* at 29-30 (regarding alleged undisputed material facts number 10, 13, and 15). She did not request additional time under Fed. R. Civ. P. 56(d) in which to procure unavailable evidence. She later filed an amended motion for

partial summary judgment and a reply brief in response to Dr. Isaacson's summary judgment motion. *See* Aplt. App., Vol. 1, at 89, 192.

In her pleadings, Ms. Isaacson argued that the issue of Dr. Isaacson's affirmative defenses was res judicata based on the state court's bench ruling on her suppression motion in their still-pending custody dispute. *See* Aplee. Supp. App. at 27, 39, 41-42; Aplt. App., Vol. 1, at 92-93, 192-93. She also purported to make an argument that there were genuine issues of material fact to be tried, but she did not include a single citation to any evidentiary materials in her argument. *See* Aplee. Supp. App. at 37-43. On April 6, 2011, the district court entered an order granting summary judgment in favor of Dr. Isaacson, holding that both the vicarious consent exception and the extension phone exception applied. Aplt. App., Vol. 2, at 220-22.[1] The court rejected Ms. Isaacson's contention that res judicata applied because the state court had not yet issued a final decision in the custody dispute. *Id.* at 223.

On May 2, 2011, Ms. Isaacson filed a "motion for new trial" under Fed. R. Civ. P. 59 and 60, arguing that new evidence showed that summary judgment was improperly granted. Aplt. App., Vol. 2, at 231, 238. She asserted that Dr. Isaacson's deposition, which she had taken on April 1, 2011, as well as his response to discovery requests filed in the divorce case showed that he taped

---

[1]     It is not clear on what basis Ms. Isaacson's state-law claim was rejected, but no issue is raised on appeal with regard to this claim.

their sons' conversations with her at the advice of his divorce attorney and in anticipation of litigation, not solely because he was concerned about the boys' welfare, as stated in the sworn affidavit he had attached to his summary judgment motion, so the exceptions to the federal wiretap act should not have applied. *See id.* at 232-35. She did not attach Dr. Isaacson's responses to her requests for production of documents filed in the divorce case, which she also had not presented to the district court during the summary judgment proceedings. She did attach Dr. Isaacson's April 1, 2011, deposition to her motion for new trial, but she had not presented it to the district court during the summary judgment proceedings or sought an extension of time in which to present the facts to be adduced from his deposition. Dr. Isaacson contended in his opposition to Ms. Isaacson's motion for new trial that she had received his responses to her requests for production in the custody case on March 29, 2010, more than a year before the district court entered summary judgment in his favor. *See* Aplt. App., Vol. 2, at 384, 408-12. He also argued that she had waited until the April 1, 2011, discovery cut-off date to depose him, even though his counsel had offered to submit him for deposition as early as August 18, 2010, several months before he filed his motion for summary judgment. *See id.* at 387.

The district court construed Ms. Isaacson's motion for new trial as a motion for reconsideration and denied it because Ms. Isaacson offered "no new evidence previously unavailable," and because her arguments were either "addressed in the

Court's April 6, 2011 Order [or] could have been raised in prior briefing." *Id.* at 451. Ms. Isaacson appeals from the district court's July 28, 2011, order denying her motion for new trial.[2]

## II. Issues on Appeal and Standards of Review

"We review a grant of summary judgment de novo, applying the same legal standard as the district court." *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1286 (10th Cir. 2011). "Summary judgment is proper when there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "The evidence should be viewed in the light most favorable to the non-moving party." *Id.*

---

[2]    Dr. Isaacson suggests that because Ms. Isaacson's notice of appeal designates only the July 28, 2011, order denying her motion for new trial, the notice of appeal is insufficient to confer jurisdiction over all of Ms. Isaacson's arguments on appeal. Aplee. Br. at 1. His unsupported suggestion is without merit. Although, technically, Ms. Isaacson's May 2, 1011, motion for new trial was improper because no trial had been held, the substance and timing of it made it a tolling motion under Fed. R. App. P. 4(a)(4)(A). *See Jones v. Nelson*, 484 F.2d 1165, 1167 (10th Cir. 1973). The time for taking the appeal was suspended by that timely filed motion. *See id.* at 1168. In addition, "it is clear the appeal probes the validity of the summary judgment and we therefore find the technical error [in the notice of appeal] to be harmless." *Id.*; *see also Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978) (citing *Jones* in support of the proposition that "[a] mistake in designating the judgment appealed from is not always fatal, as long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced"). Thus, we may also review the district court's decision on any interlocutory orders. *See Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011).

But "although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the moving party carries his or her burden to "demonstrat[e] the absence of a genuine issue of material fact[,]" *id.* at 670, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant[,]" *id.* at 671 (internal quotation marks omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits[.]" *Id.*; *see* Rule 56(c) (stating that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record," and listing numerous examples of such materials).

Ms. Isaacson raises numerous arguments on appeal challenging the district court's grant of summary judgment to Dr. Isaacson and its denial of her motion for summary judgment and subsequent motion for new trial. We reject her arguments because she did not raise them during the summary judgment proceedings and because she seeks to rely on evidence that she neither presented to the district court during the summary judgment proceedings nor has shown to us to have been unavailable to her at that time.

Our adversarial system endows the parties with the opportunity—and duty—to craft their own legal theories for relief in the district court. It is the significant but limited job of our appellate system to correct errors made by the district court in assessing the legal theories presented to it, not to serve as a second-shot forum . . . where secondary, back-up theories may be mounted for the first time.

*Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (ellipsis in original) (internal quotation marks omitted).

During the summary judgment proceedings in the district court, Ms. Isaacson chose to focus on the asserted res judicata effect of the state court's bench ruling on her suppression motion rather than to present evidence to controvert Dr. Isaacson's asserted facts. On appeal, she has not filed a reply brief to controvert Dr. Isaacson's contention that she is relying on new legal theories and previously available evidence not submitted to the district court. She is not permitted a second opportunity on appeal based on legal arguments and factual submissions that were available before summary judgment was entered. *See id.*

AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-8-